**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ELLAWEASE EARLS, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:18-cv-06341 |
| CHICAGO MUNICIPAL EMPLOYEES CREDIT UNION; JPMORGAN CHASE BANK, N.A., d/b/a Chase Auto Finance; SPECIALIZED LOAN SERVICING LLC; WELLS FARGO BANK, N.A.; EQUIFAX INFORMATION SERVICES, LLC; TRANSUNION, LLC and EXPERIAN INFORMATION SOLUTIONS, INC., | JURY TRIAL DEMANDED |
| Defendants. | |

## <u>COMPLAINT</u>

**NOW COMES** Ellawease Earls ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendants, Chicago Municipal Employees Credit Union ("CMECU"), JPMorgan Chase Bank, N.A., d/b/a Chase Auto Finance ("Chase"), Specialized Loan Servicing LLC ("SLS"), Wells Fargo Bank, N.A. ("Wells Fargo"), Equifax Information Services, LLC ("Equifax"), TransUnion, LLC ("TransUnion") and Experian Information Solutions, Inc. ("Experian"), (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1.     Plaintiff brings this action seeking redress for violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 et seq.

**JURISDICTION AND VENUE**

2.      Subject matter jurisdiction is conferred upon this Court by the FCRA pursuant to 15 U.S.C. §1681 et seq., 28 U.S.C. §§1331 and 1337, as this action arises under the laws of the United States.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in this District and all of the events or omissions giving rise to the claims occurred in this District.

**PARTIES**

4.      Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Illinois.

5.      Defendant Chicago Municipal Employees Credit Union ("CMECU") is a not-for-profit member-owned financial cooperative with its principal place of business located at 18 S. Michigan Avenue, 10th Floor, Chicago, Illinois 60603. CMECU provides financial benefits, including consumer loans, to its members. CMECU is a furnisher of information to the major credit reporting agencies, including Equifax.

6.      Defendant JPMorgan Chase Bank, N.A., d/b/a Chase Auto Finance ("Chase"), is a foreign corporation with its principal place of business located at 270 Park Avenue, New York, New York 10017. Chase is engaged in the business of extending auto loans to consumers, including consumers in the State of Illinois. Chase is a furnisher of information to the major credit reporting agencies, including Equifax, TransUnion, and Experian.

7.      Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a mortgage company and banking institution with its principal place of business located at 101 North Phillips Avenue, One Wachovia Center, Sioux Falls, South Dakota 57104. Wells Fargo is engaged in the business of extending mortgage loans to consumers, including consumers in the State of Illinois. Wells Fargo

is a furnisher of information to the major credit reporting agencies, including Equifax, TransUnion, and Experian.

8.     Defendant Specialized Loan Servicing LLC ("SLS") is a foreign corporation with its principal place of business located at 8742 Lucent Boulevard, Suite 300, Highlands Ranch, Colorado 80129. SLS is a creditor, lender, and servicer of mortgage loans, offering services to consumers across the country, including consumers in the State of Illinois. SLS conducts business in the State of Illinois and has a registered agent located in Illinois. SLS is a furnisher of information to the major credit reporting agencies, including Equifax and TransUnion.

9.     Defendant Equifax Information Services, LLC is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Illinois.

10.     Defendant TransUnion is a Delaware limited liability corporation with its principal place of business located in Chicago, Illinois. TransUnion is in the business of compiling and maintaining files relating to consumers' credit information bearing on a consumer's credit worthiness, credit standing, or credit capacity, and provides consumer reports to third parties.

11.     Defendant Experian is a corporation incorporated in the state of Ohio and maintains its principal place of business in Costa Mesa, California.  Experian is in the business of compiling and maintaining files relating to consumers' credit information bearing on a consumer's credit worthiness, credit standing, or credit capacity, and provides consumer reports to third parties.

**CREDIT REPORTING, PLAINTIFF'S CREDIT DISPUTES AND RESPONSES**

12.     On February 29, 2016, Plaintiff filed a Chapter 13 bankruptcy in the Northern District of Illinois (16-06932) and upon successful completion, was granted a Discharge on April 24, 2018.

### _Plaintiff's Dispute Letters to Equifax, TransUnion and Experian_

13.     Following the discharge of her bankruptcy, Plaintiff discovered that CMECU, Chase, SLS and Wells Fargo were misreporting the status of accounts to the credit reporting agencies.

14.     On or about June 4, 2018, Plaintiff sent a written credit dispute letter to each of the credit report agencies requesting that her credit files be reviewed and updated to accurately reflect the subject accounts.[1]

15.     Plaintiff's dispute letter stated, in part, "I have reviewed my credit reports and found that several accounts are reporting inaccurate information:

> 1) Chicago Municipal Employee- Acct no. 456860300 – This account was paid in full through my case. The balance and payment history is incorrect and should be updated.
> …
> I want you to investigate all of the above accounts and contact them separately to update their information. The balance, Monthly payment, payment status, past due amounts, and remarks are all wrong and needs to be updated to reflect a zero in the balance, a zero in the past due amount, and a zero in the monthly payment. You should also correct and update the remarks, payment status, and correct the payment history. Pay status, Comments, and The Max Delinquency should also be corrected. Please note that I am no longer liable for these above accounts and I demand that my credit reports reflect the same. Please send my dispute letter and the enclosures to each of the creditors listed above."

16.     Plaintiff's dispute letter also disputed:

---

[1] Plaintiff mailed the identical dispute letter addressed to Equifax, TransUnion and Experian.

1) Chase Auto Account – "This account was NOT included in my case. The status 'included in chapter 13' needs to be removed as it is inaccurate. Please contact Chase and update to reflect the correct and accurate information."

2) Specialized Loan Services Account – "This account is open and active and is not closed. I demand that you reinstate this account to open and current. The date of last payment: January 1, 2017 is incorrect and I request that you contact them directly and verify that this account is in fact, still open and payments are being made."

3) Wells Fargo Home Mortgage Account – "This account is open and active and is not closed. I demand that you reinstate this account to open and current. The date of last payment: January 1, 2017 is incorrect and I request that you contact them directly and verify that this."

17. Plaintiff attached all relevant and supporting documents to her dispute letters to Equifax, TransUnion and Experian.

18. Upon information and belief, CMECU, Chase, SLS and Wells Fargo each received notice of Plaintiff's dispute letter and all relevant information from Equifax within five days of Equifax receiving Plaintiff's dispute letters. *See* 15 U.S.C. §1681i(a)(2).

### ***Equifax's Failure to Respond to Plaintiff's Dispute***

19. Equifax failed to respond to Plaintiff's June 4, 2018 dispute letter.

### ***TransUnion's Failure to Correct Inaccurate Reporting***

a) *TransUnion's failure to correct Chase trade line*.

20. On or about June 29, 2018, TransUnion responded to Plaintiff's dispute without correcting the Chase trade line.

21. The TransUnion response revealed that TransUnion failed to investigate the disputed Chase account information.

22.     Despite Plaintiff's dispute that the Chase account was not included in her bankruptcy, TransUnion's response revealed that Chase was now reporting the Chase trade line as an adverse account with a pay status of "account included in bankruptcy."

23.     The reporting of the Chase trade line is patently inaccurate, incomplete, and creates a materially misleading impression that the account was included in and discharged through Plaintiff's bankruptcy. The Chase account was actually not included in Plaintiff's bankruptcy and was paid directly by the Plaintiff outside of the bankruptcy and was paid in full by the Plaintiff outside of the bankruptcy.

b)  *TransUnion's failure to correct SLS trade line.*

24.     TransUnion responded to Plaintiff's dispute without correcting the SLS trade line. Specifically, TransUnion's response stated:

> "We investigated the information you disputed and updated: **Date Updated; Remarks; Rating**. Here is how this item appears on your credit report following our investigation."

25.     The TransUnion response revealed that SLS was now reporting as follows:

**SPECIALIZED LOAN SVCG #100426****** (PO BOX 266005, LITTLETON, CO 80163, (720) 241-7200 )

| | |
|---|---|
| Date Opened: 01/29/2007 | Balance: $6,175 |
| Responsibility: Individual Account | Date Updated: 06/18/2018 |
| Account Type: Line of Credit Account | Payment Received: $300 |
| Loan Type: HOME EQUITY LOAN | Last Payment Made: 04/09/2018 |
| | High Balance: $0 |
| | Credit Limit: $29,000 |

Pay Status: Current; Paid or Paying as Agreed
Terms: $64 per month, paid Monthly
Date Closed: 01/29/2017

Remarks: DISP INVG COMP-RPT BY GRNTR; CL NO LNGR AVL-IN RPYMT PHASE

| | 05/2018 | 04/2018 | 03/2018 | 02/2018 | 01/2018 | 12/2017 | 11/2017 | 10/2017 | 09/2017 | 08/2017 | 07/2017 | 06/2017 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | X | X | X | X | X | X | X | X | X |

| | 05/2017 | 04/2017 | 03/2017 | 02/2017 | 01/2017 | 12/2016 | 11/2016 | 10/2016 | 09/2016 | 08/2016 | 07/2016 | 06/2016 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | X | X | X | X | X | X | X | X | X |

| | 05/2016 |
|---|---|
| Rating | X |

26.     Despite TransUnion's representation that Plaintiff's credit account was researched, TransUnion and SLS were now reporting the account with a "Date Closed: 01/29/2017."

27. The reporting of the SLS trade line is patently inaccurate, incomplete, and creates a materially misleading impression that the account was closed on 01/29/2017. The SLS account is open, paid as agreed, and current.

c) *TransUnion's failure to correct Wells Fargo trade line*.

28. TransUnion responded to Plaintiff's dispute without correcting the Wells Fargo trade line.

29. The TransUnion response revealed that TransUnion failed to investigate the disputed Wells Fargo account information.

30. Despite Plaintiff's dispute that the Wells Fargo account was open and active and not closed, TransUnion's response revealed that Wells Fargo was now reporting the Wells Fargo trade line as an adverse account with a pay status of "account included in bankruptcy" and a "Date Closed: 06/07/2017.

31. The reporting of the Wells Fargo trade line is patently inaccurate, incomplete, and creates a materially misleading impression that the account was included in and discharged through Plaintiff's bankruptcy. The Wells Fargo account was actually paid directly by the Plaintiff outside of the bankruptcy and the account is open, active, paid as agreed, and current.

### ***Experian's Failure to Correct Inaccurate Reporting***

a) *Experian's failure to correct Chase trade line*.

32. On or about July 8, 2018, Experian responded to Plaintiff's dispute without correcting the Chase trade line. Specifically, Experian's response stated:

> CHASE AUTO 1133402057…. Outcome: Updated – The information you disputed has been verified as accurate; however, information unrelated to your dispute has been updated."

33.     Despite Experian's representation that Plaintiff's Chase account was researched, Experian and Chase were now reporting the date the debt was included in the Chapter 13 bankruptcy as April 24, 2018. Plaintiff's date of filing Chapter 13 bankruptcy was February 29, 2016.

34.     The reporting of the Chase trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Plaintiff's Chapter 13 bankruptcy was filed on April 24, 2018. Plaintiff's Chapter 13 bankruptcy was filed on February 29, 2016 and upon successful completion, Plaintiff was granted a Discharge on April 24, 2018.

b) *Experian's failure to correct Wells Fargo trade line*.

35.     Experian responded to Plaintiff's dispute without correcting the Wells Fargo trade line.

36.     The Experian response revealed that Wells Fargo was now reporting as follows:



37.     Despite Experian's representation that the Wells Fargo account was researched, Experian and Wells Fargo were now reporting the Wells Fargo account with a status of "discharged through Bankruptcy Chapter 13" and "debt included in Chapter 13 bankruptcy on Feb. 29, 2016."

38.     Despite Plaintiff's dispute that the Wells Fargo account was open and active and current, Experian and Wells Fargo were now reporting the Wells Fargo account as a "negative" account "that [has] been charged off or sent to collection, bankruptcies, liens, and judgments."

8

39. The reporting of the Wells Fargo trade line is patently inaccurate, incomplete, and creates a materially misleading impression that the account was included in and discharged through Plaintiff's bankruptcy. The Wells Fargo account was actually paid directly by the Plaintiff outside of the bankruptcy and the account is open, active, paid as agreed, and current.

IMPACT OF CONTINUING INCORRECT INFORMATION IN PLAINTIFF'S CREDIT FILE
(AS TO EQUIFAX, CHICAGO MUNICIPAL EMPLOYEES CREDIT UNION, CHASE,
SPECIALIZED LOAN SERVICING, WELLS FARGO BANK)

40. On July 23, 2018, Plaintiff pulled her 3-in-1 credit reports to check the accuracy of the reporting of the disputed accounts.

41. Plaintiff discovered that the Equifax reporting of the CMECU account continues to be inaccurate, incomplete, and creates a materially misleading impression that the account remains open, past due, and that Plaintiff is still responsible for and obligated to pay a current monthly amount and a past due amount.

42. As of today, the erroneous reporting by Equifax of the CMECU account continues to paint a false and damaging image of Plaintiff. Equifax and CMECU have yet to update the trade line to accurately reflect the subject loan is closed, with $0 balance, $0 monthly payment, $0 past due, paid in full, and discharged through Plaintiff's Chapter 13 bankruptcy.

43. Plaintiff discovered that the Equifax reporting of the Chase account continues to be inaccurate, incomplete, and creates a materially misleading impression that the account is being paid under a wage earner's plan (Chapter 13 bankruptcy plan).

44. As of today, the erroneous reporting by Equifax of the Chase account continues to paint a false and damaging image of Plaintiff. Equifax and Chase have yet to update the trade line to accurately reflect the subject loan paid as agreed, paid in full, and not paid under a wage earner's plan.

45. Plaintiff discovered that the Equifax reporting of the SLS account continues to be inaccurate, incomplete, and creates a materially misleading impression that the account was closed with an outstanding balance due.

46. As of today, the erroneous reporting by Equifax of the SLS account continues to paint a false and damaging image of Plaintiff. Equifax and SLS have yet to update the trade line to accurately reflect the subject loan is open, paid as agreed, and current.

47. Plaintiff discovered that the reporting of the Wells Fargo account continues to be inaccurate, incomplete, and creates a materially misleading impression that the account is closed.

48. As of today, the erroneous reporting by Equifax of the Wells Fargo account continues to paint a false and damaging image of Plaintiff. Equifax and Wells Fargo have yet to update the trade line to accurately reflect the subject loan is open, paid as agreed, and current.

**IMPACT OF CONTINUING INCORRECT INFORMATION IN PLAINTIFF'S CREDIT FILE**
(AS TO TRANSUNION, CHASE, SPECIALIZED LOAN SERVICING, WELLS FARGO BANK)

49. In reviewing her July 23, 2018 3-in-1 credit reports, Plaintiff discovered that the TransUnion reporting of the Chase account continues to be inaccurate, incomplete, and creates a materially misleading impression that the account is being paid under a wage earner's plan (Chapter 13 bankruptcy plan).

50. As of today, the erroneous reporting by TransUnion of the Chase account continues to paint a false and damaging image of Plaintiff. TransUnion and Chase have yet to update the trade line to accurately reflect the subject loan paid as agreed, paid in full, and not included in or discharged through bankruptcy.

51. Plaintiff discovered that the TransUnion reporting of the SLS account continues to be inaccurate, incomplete, and creates a materially misleading impression that the account was closed with an outstanding balance due.

52.     As of today, the erroneous reporting by TransUnion of the SLS account continues to paint a false and damaging image of Plaintiff. TransUnion and SLS have yet to update the trade line to accurately reflect the subject loan is open, paid as agreed, and current.

53.     Plaintiff discovered that the TransUnion reporting of the Wells Fargo account continues to be inaccurate, incomplete, and creates a materially misleading impression that the account was closed as of June 7, 2017, and that the account was included in and paid through Plaintiff's Chapter 13 bankruptcy.

54.     As of today, the erroneous reporting by TransUnion of the Wells Fargo account continues to paint a false and damaging image of Plaintiff. TransUnion and Wells Fargo have yet to update the trade line to accurately reflect the subject loan is open, paid as agreed, and current.

**IMPACT OF CONTINUING INCORRECT INFORMATION IN PLAINTIFF'S CREDIT FILE**
**(AS TO EXPERIAN, CHASE, WELLS FARGO BANK)**

55.     In reviewing her July 23, 2018 3-in-1 credit reports, Plaintiff discovered that the Experian reporting of the Chase account continues to be inaccurate, incomplete, and creates a materially misleading impression that the account was closed as of April 2018, and that the debt was included in or discharged through the Plaintiff's Chapter 13 bankruptcy plan.

56.     As of today, the erroneous reporting by Experian of the Chase account continues to paint a false and damaging image of Plaintiff. Experian and Chase have yet to update the trade line to accurately reflect the subject loan paid as agreed, paid in full, and not included in or discharged through bankruptcy.

57.     Plaintiff discovered that the Experian reporting of the Wells Fargo account continues to be inaccurate, incomplete, and creates a materially misleading impression that the account was closed as of February 2016.

**IMPACT OF CONTINUING INCORRECT INFORMATION IN PLAINTIFF'S CREDIT FILE**
(AS TO ALL DEFENDANTS)

58.     The entire experience has imposed upon Plaintiff significant distrust, frustration, and distress.

59.     The inaccurate and incomplete reporting by Equifax of the CMECU, Chase, SLS and Wells Fargo accounts continues to have adverse effects on Plaintiff's credit rating because it creates a false impression that Plaintiff is personally liable for amounts due and past due on the CMECU account and that Plaintiff failed to pay the Chase, SLS and Wells Fargo loans as agreed.

60.     The inaccurate and incomplete reporting by TransUnion of the Chase and Wells Fargo accounts continues to have adverse effects on Plaintiff's credit rating because it creates a false impression that Plaintiff failed to pay the Chase and Wells Fargo loans as agreed.

61.     The inaccurate and incomplete reporting by Experian of the Chase, SLS and Wells Fargo accounts continues to have adverse effects on Plaintiff's credit rating because it creates a false impression that Plaintiff failed to pay the Chase, SLS and Wells Fargo loans as agreed.

62.     As a result of the conduct, actions, and inaction of each Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit opportunity, wasted time tracking the status of her dispute, credit report expenses, postage, and mental and emotional pain and suffering.

63.     Due to the conduct of the Defendants, Plaintiff was forced to retain counsel to resolve the erroneous credit reporting of the CMECU, Chase, SLS and Wells Fargo trade lines.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST CHICAGO MUNICIPAL EMPLOYEES CREDIT UNION)

64.     Plaintiff restates and re-alleges paragraphs 1 through 63 as though fully set forth herein.

65.     Plaintiff is a "consumer" as the term is defined under 15 U.S.C. §§1681a(c) and (b).

66.     CMECU is a "person" as defined by 15 U.S.C. §1681a(b).

67.     CMECU is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

68.     At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

69.     CMECU violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving a request for an investigation from Equifax and Plaintiff.

70.     Had CMECU reviewed the information provided by Equifax and Plaintiff, it would have corrected the inaccurate designation of the CMECU account and transmitted the correct information to Equifax. Instead, CMECU wrongfully and erroneously verified its inaccurate reporting without conducting a reasonable investigation.

71.     CMECU violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Plaintiff's dispute to Equifax.

72.     CMECU violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the inaccurate information in Plaintiff's credit files. Instead, CMECU continued to report the inaccurate, incomplete, and misleading information in Plaintiff's credit files after receiving Plaintiff's detailed disputes.

73.     CMECU failed to conduct a reasonable reinvestigation of its reporting of the account or delete the inaccurate reporting from Plaintiff's credit files within 30 days of receiving notice of Plaintiff's disputes from Equifax under 15 U.S.C. §1681i(a)(1).

74.     CMECU violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Plaintiff by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

75.     Despite the blatantly obvious errors in Plaintiff's credit files, and Plaintiff's efforts to correct the errors, CMECU did not correct the errors or trade line to report accurately.

76.     A reasonable investigation by CMECU would have confirmed the veracity of Plaintiff's disputes, yet the inaccurate information continues to be reported in Plaintiff's Equifax credit files.

77.     Had CMECU taken steps to investigate Plaintiff's valid disputes or Equifax's requests for investigation, it would have permanently corrected the erroneous credit reporting of CMECU account. Plaintiff provided all relevant information regarding her disputes in her requests for investigation.

78.     By deviating from the standards established by the mortgage servicing industry and the FCRA, CMECU acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax.

**WHEREFORE**, Plaintiff, ELLAWEASE EARLS, respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing CMECU to immediately delete the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST JPMORGAN CHASE BANK, N.A., D/B/A CHASE AUTO FINANCE)

79.     Plaintiff restates and re-alleges paragraphs 1 through 63 as though fully set forth herein.

80.     Plaintiff is a "consumer" as the term is defined under 15 U.S.C. §§1681a(c) and (b).

81.     Chase is a "person" as defined by 15 U.S.C. §1681a(b).

82.     Chase is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

83.     At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

84.     Chase violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving a request for an investigation from Equifax, TransUnion, Experian and Plaintiff.

85.     Had Chase reviewed the information provided by Equifax, TransUnion, Experian and Plaintiff, it would have corrected the inaccurate designation of Chase account and transmitted the correct information to Equifax, TransUnion and Experian. Instead, Chase wrongfully and erroneously verified its inaccurate reporting without conducting a reasonable investigation.

86.     Chase violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Plaintiff's dispute to Equifax, TransUnion and Experian.

87.     Chase violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the inaccurate information in Plaintiff's credit files. Instead, Chase continued to report the inaccurate, incomplete, and misleading information in Plaintiff's credit files after receiving Plaintiff's detailed disputes.

88.     Chase failed to conduct a reasonable reinvestigation of its reporting of the Chase account or delete the inaccurate reporting from Plaintiff's credit files within 30 days of receiving notice of Plaintiff's disputes from Equifax, TransUnion and Experian under 15 U.S.C. §1681i(a)(1).

89.     Chase violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Plaintiff by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

90.     Despite the blatantly obvious errors in Plaintiff's credit files, and Plaintiff's efforts to correct the errors, Chase did not correct the errors or trade line to report accurately.

91.     A reasonable investigation by Chase would have confirmed the veracity of Plaintiff's disputes, yet the inaccurate information continues to be reported in Plaintiff's Equifax, TransUnion and Experian credit files.

92.     Had Chase taken steps to investigate Plaintiff's valid disputes or requests for investigation by Equifax, TransUnion and Experian, it would have permanently corrected the erroneous credit reporting of subject account. Plaintiff provided all relevant information regarding her disputes in her requests for investigation.

93. By deviating from the standards established by the mortgage servicing industry and the FCRA, Chase acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax, TransUnion and Experian.

**WHEREFORE**, Plaintiff, ELLAWEASE EARLS, respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Chase to immediately delete the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT III - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST SPECIALIZED LOAN SERVICING LLC)

94. Plaintiff restates and re-alleges paragraphs 1 through 63 as though fully set forth herein.

95. Plaintiff is a "consumer" as the term is defined under 15 U.S.C. §§1681a(c) and (b).

96. SLS is a "person" as defined by 15 U.S.C. §1681a(b).

97. SLS is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

98.     At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

99.     SLS violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving a request for an investigation from Equifax, TransUnion and Plaintiff.

100.    Had SLS reviewed the information provided by Equifax, TransUnion and Plaintiff, it would have corrected the inaccurate designation of the SLS account and transmitted the correct information to Equifax and TransUnion. Instead, SLS wrongfully and erroneously verified its inaccurate reporting without conducting a reasonable investigation.

101.    SLS violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Plaintiff's dispute to Equifax and TransUnion.

102.    SLS violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the inaccurate information in Plaintiff's credit files. Instead, SLS continued to report the inaccurate, incomplete, and misleading information in Plaintiff's credit files after receiving Plaintiff's detailed disputes.

103.    SLS failed to conduct a reasonable reinvestigation of its reporting of the subject account or delete the inaccurate reporting from Plaintiff's credit files within 30 days of receiving notice of Plaintiff's disputes from Equifax and TransUnion under 15 U.S.C. §1681i(a)(1).

104.    SLS violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Plaintiff by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

105.    Despite the blatantly obvious errors in Plaintiff's credit files, and Plaintiff's efforts to correct the errors, SLS did not correct the errors or trade line to report accurately.

106. A reasonable investigation by SLS would have confirmed the veracity of Plaintiff's disputes, yet the inaccurate information continues to be reported in Plaintiff's Equifax and TransUnion credit files.

107. Had SLS taken steps to investigate Plaintiff's valid disputes or Equifax's and TransUnion's requests for investigation, it would have permanently corrected the erroneous credit reporting of the subject account. Plaintiff provided all relevant information regarding her disputes in her requests for investigation.

108. By deviating from the standards established by the lending industry and the FCRA, SLS acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax and TransUnion.

**WHEREFORE**, Plaintiff, ELLAWEASE EARLS, respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing SLS to immediately delete the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT IV - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST WELLS FARGO BANK, N.A.)

109.    Plaintiff restates and re-alleges paragraphs 1 through 63 as though fully set forth herein.

110.    Plaintiff is a "consumer" as the term is defined under 15 U.S.C. §§1681a(c) and (b).

111.    Wells Fargo is a "person" as defined by 15 U.S.C. §1681a(b).

112.    Wells Fargo is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

113.    At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

114.    Wells Fargo violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving a request for an investigation from Equifax, TransUnion, Experian and Plaintiff.

115.     Had Wells Fargo reviewed the information provided by Equifax, TransUnion, Experian and Plaintiff, it would have corrected the inaccurate designation of the subject account and transmitted the correct information to Equifax, TransUnion and Experian.

116.    Wells Fargo violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Plaintiff's dispute to Equifax, TransUnion and Experian.

117.    Wells Fargo violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the inaccurate information in Plaintiff's credit files.

118.    Wells Fargo failed to conduct a reasonable reinvestigation of its reporting of the subject account or delete the inaccurate reporting from Plaintiff's credit files within 30 days of

receiving notice of Plaintiff's disputes from Equifax, TransUnion and Experian under 15 U.S.C. §1681i(a)(1).

119.     Wells Fargo violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Plaintiff by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

120.     Despite the blatantly obvious errors in Plaintiff's credit files, and Plaintiff's efforts to correct the errors, Wells Fargo did not correct the errors or trade line to report accurately.

121.     A reasonable investigation by Wells Fargo would have confirmed the veracity of Plaintiff's disputes, yet the inaccurate information continues to be reported in Plaintiff's Equifax, TransUnion and Experian credit files.

122.     Had Wells Fargo taken steps to investigate Plaintiff's valid disputes or requests for investigation from Equifax, TransUnion and Experian, it would have permanently corrected the erroneous credit reporting of subject account. Plaintiff provided all relevant information regarding her disputes in her requests for investigation.

123.     By deviating from the standards established by the lending industry and the FCRA, Wells Fargo acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax, TransUnion and Experian.

**WHEREFORE**, Plaintiff, ELLAWEASE EARLS, respectfully prays this Honorable Court for the following relief:

a.   Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.   An order directing Wells Fargo to immediately delete the inaccurate information from Plaintiff's credit reports and credit files;

c.   Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d.   Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e.  Award Plaintiff punitive damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f.  Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g.  Award any other relief as this Honorable Court deems just and appropriate.

## COUNT V - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST EQUIFAX)

124.  Plaintiff restates and re-alleges paragraphs 1 through 63 as though fully set forth herein.

125.  Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

126.  Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

127.  At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

128.  If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

129.  Plaintiff provided Equifax with all relevant information in her requests for investigation and reinvestigation to reflect accurate status of the subject loans.

130.  Equifax prepared Plaintiff's consumer reports containing inaccurate, incomplete, and materially misleading information by reporting the CMECU accounting as open, past due, and a balance and a monthly payment due when, in fact, the subject loan was paid in full and discharged through Plaintiff's Chapter 13 bankruptcy.

131.    Equifax prepared Plaintiff's consumer reports containing inaccurate, incomplete, and materially misleading information by reporting the Chase loan as having payments made under the Plaintiff's Chapter 13 plan when, in fact, the subject loan was not paid through the plan and was paid in full as agreed by the Plaintiff and closed.

132.    Equifax prepared Plaintiff's consumer reports containing inaccurate, incomplete, and materially misleading information by reporting the SLS loan as closed when, in fact, the account is open and the payments are current.

133.    Equifax prepared Plaintiff's consumer reports containing inaccurate, incomplete, and materially misleading information by reporting the Wells Fargo loan as closed when, in fact, the subject loan is open, paid as agreed, and current.

134.    Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished as they related to Plaintiff. Equifax prepared patently false, incomplete, and a materially misleading consumer reports concerning Plaintiff. After Plaintiff's written detailed dispute, Equifax had actual knowledge that (a) the CMECU account was paid in full through Plaintiff's bankruptcy and Plaintiff no longer owed any payments on the account; (b) Plaintiff paid the Chase account as agreed and in full outside of her bankruptcy plan; (c) the SLS account is open, paid as agreed, and current; and (d) the Wells Fargo account is open, paid as agreed, and current. Nonetheless, Equifax wrongfully reported the accounts.

135.    Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to then subsequently delete or correct the information in Plaintiff's credit file.

136.    Had Equifax taken any steps to investigate Plaintiff's valid disputes, it would have determined that the subject

137.    Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to CMECU. Upon information and belief, Equifax failed to include all relevant information as part of the notice to CMECU regarding Plaintiff's dispute that Equifax received from Plaintiff.

138.    Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Chase. Upon information and belief, Equifax failed to include all relevant information as part of the notice to Chase regarding Plaintiff's dispute that Equifax received from Plaintiff.

139.    Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to SLS. Upon information and belief, Equifax failed to include all relevant information as part of the notice to SLS regarding Plaintiff's dispute that Equifax received from Plaintiff.

140.    Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Wells Fargo. Upon information and belief, Equifax failed to include all relevant information as part of the notice to Wells Fargo regarding Plaintiff's dispute that Equifax received from Plaintiff.

141.    Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff and CMECU with regard to the subject account.

142.    Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff and Chase with regard to the subject account.

143.     Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff and SLS with regard to the subject account.

144.     Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff and Wells Fargo with regard to the subject account

145.     Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's dispute.

146.     Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from CMECU that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

147.     Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Chase that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

148.     Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from SLS that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

149.     Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Wells Fargo that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

150.     Equifax knew that the inaccurate designation of the CMECU account on Plaintiff's consumer report as having past due and scheduled payment amounts after the loan was paid and closed would have a significant adverse effect on Plaintiff's credit worthiness.

151.    Equifax knew that the inaccurate designation of the Chase account on Plaintiff's consumer report as having payments made through Plaintiff's bankruptcy when payments were made directly by the Plaintiff and the loan was paid in full and closed would have a significant adverse effect on Plaintiff's credit worthiness

152.    Equifax knew that the inaccurate designation of the SLS and Wells Fargo accounts on Plaintiff's consumer report as being closed when the loans were paid as agreed and current would have a significant adverse effect on Plaintiff's credit worthiness

153.    Despite actual knowledge that Plaintiff's credit file contained erroneous information, Equifax readily made Plaintiff's inaccurate, incomplete, and misleading report available and accessible to one or more third parties, thereby misrepresenting facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

154.    The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

155.    By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with reckless disregard for its duties to report accurate and complete consumer credit information.

156.    It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

157.    Equifax's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's consumer files and reporting Plaintiff's credit information.

158.    Equifax's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of the Plaintiff.

**WHEREFORE**, Plaintiff, ELLAWEASE EARLS, respectfully prays this Honorable Court for the following relief:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  An order directing Equifax to immediately delete the inaccurate information from Plaintiff's credit reports and credit files;

c.  Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d.  Award Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n(3) and 15 U.S.C. §1681o(2); and

g.  Award any other relief as this Honorable Court deems just and appropriate.

### COUNT VI - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
#### (AGAINST TRANSUNION)

159.    Plaintiff restates and re-alleges paragraphs 1 through 63 as though fully set forth herein.

160.    TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

161.    TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

162.    At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

163.    If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

164.    Plaintiff provided TransUnion with all relevant information in her requests for investigation and reinvestigation to reflect accurate status of the subject loans.

165.    TransUnion prepared Plaintiff's consumer reports containing inaccurate, incomplete, and materially misleading information by reporting the Chase loan as having payments made under the Plaintiff's Chapter 13 plan when, in fact, the subject loan was not paid under the plan and was paid directly as agreed and paid in full by the Plaintiff.

166.    TransUnion prepared Plaintiff's consumer reports containing inaccurate, incomplete, and materially misleading information by reporting the SLS loan as closed when, in fact, the account is open and the payments are current.

167.    TransUnion prepared Plaintiff's consumer reports containing inaccurate, incomplete, and materially misleading information by reporting the Wells Fargo loan as closed, included in and paid through Plaintiff's Chapter 13 plan when, in fact, the subject loan was not included in Plaintiff's bankruptcy and is open, paid as agreed, and current.

168.    TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished as they related to Plaintiff. TransUnion prepared patently false, incomplete, and a materially misleading consumer reports concerning Plaintiff. After Plaintiff's written detailed dispute, TransUnion had actual knowledge that (a) Plaintiff paid the Chase account as agreed and in full outside of her bankruptcy plan; (b) the SLS is open, paid as agreed, and

current; and (c) the Wells Fargo account was not included in and paid through Plaintiff's bankruptcy plan, and is open, paid as agreed by Plaintiff, and current. Nonetheless, TransUnion wrongfully reported the accounts.

169.    TransUnion violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to then subsequently delete or correct the information in Plaintiff's credit file.

170.    Had TransUnion taken any steps to investigate Plaintiff's valid dispute, it would have determined that subject loans were inaccurately reported.

171.    TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Chase. Upon information and belief, TransUnion failed to include all relevant information as part of the notice to Chase regarding Plaintiff's dispute that TransUnion received from Plaintiff.

172.    TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to SLS. Upon information and belief, TransUnion failed to include all relevant information as part of the notice to SLS regarding Plaintiff's dispute that TransUnion received from Plaintiff.

173.    TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Wells Fargo. Upon information and belief, TransUnion failed to include all relevant information as part of the notice to Wells Fargo regarding Plaintiff's dispute that TransUnion received from Plaintiff.

174.    TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff and Chase with regard to the subject account.

175.    TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff and SLS with regard to the subject account.

176.    TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff and Wells Fargo with regard to the subject account

177.    TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's dispute.

178.    TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Chase that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

179.    TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from SLS that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

180.    TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Wells Fargo that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

181.    TransUnion knew that the inaccurate designation of the Chase account on Plaintiff's consumer report as having payments made through Plaintiff's bankruptcy when payments were made directly by the Plaintiff and the loan was paid in full and closed would have a significant adverse effect on Plaintiff's credit worthiness.

182.    TransUnion knew that the inaccurate designation of the SLS and Wells Fargo accounts on Plaintiff's consumer report as being closed when the loans were open, paid as agreed, and current would have a significant adverse effect on Plaintiff's credit worthiness

183.    Despite actual knowledge that Plaintiff's credit file contained erroneous information, TransUnion readily made Plaintiff's inaccurate, incomplete, and misleading report available and accessible to one or more third parties, thereby misrepresenting facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

184.    The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

185.    By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with reckless disregard for its duties to report accurate and complete consumer credit information.

186.    It is TransUnion's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

187.    TransUnion's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's consumer files and reporting Plaintiff's credit information.

188.    TransUnion's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of the Plaintiff.

**WHEREFORE**, Plaintiff, ELLAWEASE EARLS, respectfully prays this Honorable Court for the following relief:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  An order directing TransUnion to immediately delete the inaccurate information from Plaintiff's credit reports and credit files;

c.  Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d.  Award Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n(3) and 15 U.S.C. §1681o(2); and

g.  Award any other relief as this Honorable Court deems just and appropriate.

### COUNT VII - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EXPERIAN)

189.    Plaintiff restates and re-alleges paragraphs 1 through 63 as though fully set forth herein.

190.    Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

191.    Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

192.    At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

193.    If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

194.    Plaintiff provided Experian with all relevant information in her requests for investigation and reinvestigation to reflect accurate status of the subject loans.

195.    Experian prepared Plaintiff's consumer reports containing inaccurate, incomplete, and materially misleading information by reporting the Chase loan as having payments made under

the Plaintiff's Chapter 13 plan when, in fact, the subject loan was not in included in or discharged through Plaintiff's bankruptcy plan, and was paid directly as agreed and paid in full by the Plaintiff.

196.    Experian prepared Plaintiff's consumer reports containing inaccurate, incomplete, and materially misleading information by reporting the Wells Fargo loan as closed and included in or discharged through Plaintiff's bankruptcy when, in fact, the subject loan is open, paid as agreed, and current.

197.    Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished as they related to Plaintiff. Experian prepared patently false, incomplete, and a materially misleading consumer reports concerning Plaintiff. After Plaintiff's written detailed dispute, Experian had actual knowledge that (a) the Chase account was not included in or discharged through Plaintiff's bankruptcy, but rather Plaintiff paid the Chase account as agreed and in full outside of her bankruptcy plan; and (b) the Wells Fargo account was not included in and paid through Plaintiff's bankruptcy plan, but rather is open, paid as agreed by Plaintiff, and current. Nonetheless, Experian wrongfully reported the accounts.

198.    Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to then subsequently delete or correct the information in Plaintiff's credit file.

199.    Had Experian taken any steps to investigate Plaintiff's valid dispute, it would have determined that subject loans were inaccurately reported.

200.    Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Chase. Upon information and belief, Experian failed to include all relevant

information as part of the notice to Chase regarding Plaintiff's dispute that Experian received from Plaintiff.

201.    Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Wells Fargo. Upon information and belief, Experian failed to include all relevant information as part of the notice to Wells Fargo regarding Plaintiff's dispute that Experian received from Plaintiff.

202.    Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff and Chase with regard to the subject account.

203.    Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff and Wells Fargo with regard to the subject account

204.    Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's dispute.

205.    Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Chase that the information was complete and accurate.

206.    Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Wells Fargo that the information was complete and accurate.

207.    Experian knew that the inaccurate designation of the Chase account on Plaintiff's consumer report as having payments made through Plaintiff's bankruptcy when payments were made directly by the Plaintiff and the loan was paid in full and closed would have a significant adverse effect on Plaintiff's credit worthiness.

208.    Experian knew that the inaccurate designation of the Wells Fargo account on Plaintiff's consumer report as being closed when the loan was open, paid as agreed and current would have a significant adverse effect on Plaintiff's credit worthiness.

209.    Despite actual knowledge that Plaintiff's credit file contained erroneous information, Experian readily made Plaintiff's inaccurate, incomplete, and misleading report available and accessible to one or more third parties, thereby misrepresenting facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

210.    The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

211.    By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with reckless disregard for its duties to report accurate and complete consumer credit information.

212.    It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

213.    Experian's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's consumer files and reporting Plaintiff's credit information.

214.    Experian's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of the Plaintiff.

**WHEREFORE**, Plaintiff, ELLAWEASE EARLS, respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Experian to immediately delete the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n(3) and 15 U.S.C. §1681o(2); and

g. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands a trial by jury.**

Dated:  September 18, 2018                    Respectfully Submitted,

*/s/ Majdi Y. Hijazin*
Majdi Y. Hijazin, *Of Counsel*
Counsel for Plaintiff
SULAIMAN LAW GROUP, LTD.
2500 S. Highland Avenue, Suite 200
Lombard, IL 60148
Phone: (630) 575-8181
Fax: (630) 575-8188
mhijazin@hijazinlaw.com